**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,     )
            )
  v.        )
            ) I.D. # 2201008017
CHARLES DESTAFNEY,   )
            )
  Defendant.     )
            )

**ORDER**

Submitted: April 22, 2024
Decided: May 22, 2024

Upon Defendant's Motion for Postconviction Relief – **Denied.**
Upon Defendant's Motion for Appointment of Counsel – **Denied.**
Upon Defendant's Motion for Discovery and an Evidentiary Hearing – **Denied**.

**INTRODUCTION**

1. After pleading guilty to possession of a firearm by a person prohibited and being sentenced, Charles DeStafney ("DeStafney") filed a Motion for Postconviction Relief (the "PCR Motion"). He asserts several alleged defects in how the Court, the State, and the police handled his case. He also asserts an ineffective assistance of counsel claim. The actions of these parties, DeStafney alleges, resulted in him being coerced into pleading guilty. Had he not been coerced, DeStafney says he would have gone to trial.

2. DeStafney also filed a Motion for Appointment of Counsel.

1

3. Finally, DeStafney filed a Motion for Discovery of Evidence and an Evidentiary Hearing (the "Discovery Motion"). By this motion, DeStafney seeks to compel production of the firearm and ammunition confiscated when he was arrested and the police bodycam video.

4. DeStafney knowingly, voluntarily, and intelligently pleaded guilty, and therefore, his attack on the evidence against him and alleged procedural defects are procedurally barred. While his ineffective assistance of counsel claim is not procedurally barred, DeStafney failed to make the requisite showing to substantiate his claim. Accordingly, the PCR Motion is DENIED.

5. No exceptional circumstances require this Court to exercise its discretion to appoint counsel for DeStafney. Therefore, the Motion for Appointment of Counsel is DENIED.

6. Because the PCR Motion is denied, the Discovery Motion is DENIED as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

*DeStafney is arrested and indicted.*

7. On January 21, 2022, police responded to DeStafney's residence with an arrest warrant for another individual residing in the home.[1] While in the basement, officers plainly observed several items resembling drug paraphernalia,

---

[1] For background purposes, the facts alleged against Destafney are derived from the arrest warrant.

such as syringes, rubber tie-offs, a digital scale, and 12-gauge shotgun shells. Other residents of the home indicated that the area where these items were found was DeStafney's bedroom area.

8.  Police found DeStafney hiding on the first floor of the residence. Officers advised DeStafney that the above items were discovered in his bedroom area. DeStafney then told police he possessed a non-functioning, disassembled shotgun. DeStafney consented to a search of his bedroom area, where police located a disassembled double-barreled 12-gauge shotgun in a dresser drawer. Police also found ten rounds of 12-gauge shotgun shells on top of a desk in a tin can. Because DeStafney was a person prohibited due to a prior felony conviction, he was arrested.

9.  DeStafney was indicted on two charges: (1) Possession of a Firearm by a Person Prohibited ("PFBPP"); and (2) Possession of Ammunition by a Person Prohibited.

***DeStafney pleads guilty and is sentenced.***

10.  DeStafney pleaded guilty to the PFBPP charge on January 23, 2023. DeStafney signed the Truth-In-Sentencing Plea Form, in which he acknowledged that he was waiving his constitutional rights and faced up to 15 years in prison, 3 years of which was mandatory. DeStafney also signed the Plea Agreement, pleading guilty to the count of PFBPP, which reflected an agreed upon sentencing

3

recommendation of 15 years at Level V, suspended after 3 years, followed by 1 year at Level III.

11.    The Court conducted a detailed plea colloquy with DeStafney. The Court reviewed the Truth-In-Sentencing Plea Form with DeStafney, who stated that he understood the rights he was waiving and that he was voluntarily waiving those rights.[2]    DeStafney advised the Court that he was pleading guilty because he committed the alleged offense.[3] The Court also reviewed the potential penalties for the charge, which DeStafney confirmed he understood.[4]    DeStafney was asked whether he was satisfied with his counsel's representation, to which he replied he was.[5] DeStafney confirmed that he was not forced or threatened to accept the plea.[6]

12.    Based on the colloquy, the Court found that DeStafney accepted the plea knowingly, intelligently, and voluntarily.[7] He was then immediately sentenced.

13.    Prior to imposition of the sentence, defense counsel addressed the Court. Defense counsel advised the Court that DeStafney confessed to possessing the firearm and that he led police to the location of the firearm.[8] DeStafney did not

---

[2] Transcript ("Tr.") at p. 5.
[3] *Id.* at p. 5.
[4] *Id.* at pp. 8-9.
[5] *Id.* at p. 10.
[6] *Id.* at p. 4.
[7] *Id.* at p. 10.
[8] *Id.* at pp. 10-11.  Contrary to his statements on the record at the plea hearing, DeStafney's motion asserts that when he was asked if guns were in the house, he said "no." PCR Motion, Aff. at ¶ 4.

4

object to this statement. Indeed, referring to the firearm, DeStafney told the Court: "I went and got it" for the officers.[9] Defense counsel also advised the Court that DeStafney said the gun was an old, disassembled shotgun that he believed was inoperable.[10] Defense counsel then acknowledged that "under the statute, it doesn't make any difference even if [it's] disassembled, [or] whether it's operable or not."[11] Again, DeStafney did not object to this statement.

14.     The Court next addressed DeStafney directly, advising him that it would be "very difficult, if not impossible, for [him] to go back and say I didn't want to enter that plea" once the sentence was imposed.[12] Defense counsel reiterated that he told DeStafney that he had the choice to go to trial or enter into the plea.[13] Upon further questioning from the Court, DeStafney said "Yes, sentence me under that plea."[14] The Court asked again whether DeStafney wanted to proceed with the plea, to which he responded "Yes."[15]

15.     The Court imposed a sentence of 15 years at Level V, suspended after 3 years, followed by one year of probation at Level III. The minimum mandatory sentence for the PFBPP charge is 3 years.

---

[9] Tr. at p. 26.
[10] *Id.* at pp. 14-15.
[11] *Id.* at p. 15.
[12] *Id.* at p. 23.
[13] *Id.* at p. 24.
[14] *Id.* at p. 25.
[15] *Id.* at p. 17.

16. DeStafney did not file a direct appeal.

*The PCR Motion*

17. DeStafney filed the PCR Motion on December 27, 2023.[16] On February 23, 2024, Ralph Wilkinson, Esquire, who had represented DeStafney, filed an affidavit in response.[17] The State filed a response to the PCR Motion on March 25, 2024.[18] DeStafney was given until April 22, 2024, to file a reply, but did not do so. The Court will review the PCR Motion based on the current record.

## THE PARTIES' CONTENTIONS

18. DeStafney raises three arguments in the PCR Motion.

(a) The Court lacked jurisdiction over his conviction and sentencing because the gun was a disassembled 1892 weapon, of which he was never in possession.

(b) Misconduct by the sentencing judge, defense counsel, the State, and police resulted in him being coerced into pleading guilty. He bases his judicial misconduct assertion on the sentencing Judge "testify[ing] as a firearm expert" at the plea hearing.[19] DeStafney asserts prosecutorial misconduct based on the State's failure to hire a firearm expert to reassemble the gun, confirm its functionality, and authenticate its manufacture date.[20] DeStafney asserts police misconduct based on

---

[16] D.I. 16.
[17] D.I. 28.
[18] D.I. 29.
[19] D.I. 16.
[20] *Id.*

6

the officers' alleged illegal search of his person and threatening his mother with false charges.

(c) Ineffective Assistance of Counsel. DeStafney's Ineffective Assistance of Counsel argument is based on his assertion that his counsel failed to file any pretrial motions, a direct appeal, or any postconviction motions.[21] DeStafney claims his counsel should have filed (i) a motion to dismiss for lack of jurisdiction to convict because the firearm was an 1892 nonfunctional gun or, in the alternative, (ii) a direct appeal or postconviction motion because the sentencing Judge testified as a firearm expert.[22] DeStafney also states that counsel did not meet with him, provide him with any Rule 16 discovery, or conduct any investigation.

19. In former counsel's affidavit, he explained that no expert was hired and no motions were filed because, in his judgment, there were no legal grounds to do so.[23] Counsel met with DeStafney twice in the months leading up to the plea hearing and again on the day of, where they reviewed the discovery against DeStafney and his defenses.[24] Counsel explained to DeStafney that he had a right to go to trial or he could accept the plea.[25] Finally, former counsel stated that he in no way coerced DeStafney into accepting the plea offer.

---

[21] *Id.*
[22] *Id.*
[23] D.I. 28, at ¶¶ 1-2.
[24] *Id.* at ¶ 2.
[25] *Id.* at ¶ 3.

20.     The State responded to the PCR Motion, concurring with the assertions made by former counsel, and arguing that DeStafney's claims are meritless for a variety of reasons.[26]

## STANDARD OF REVIEW

### Superior Court Criminal Rule 61

#### Procedural bars

21.     Rule 61 is the exclusive remedy for those "in custody under a sentence … seeking to set aside the judgment of conviction."[27]  The Rule balances finality "against … the important role of the courts in preventing injustice."[28]  Before addressing the merits of a defendant's motion for postconviction relief, however, the court must review the motion to determine whether any of Rule 61(i)'s procedural bars apply.[29]  If a motion is procedurally barred, the Court will not consider the merits of the postconviction motion.[30]

22.     A motion for postconviction relief will be barred if it is: (1) filed more than one year after the conviction becomes final;[31] or (2) if it asserts a newly

---

[26] D.I. 29.
[27] Super. Ct. Crim. R. 61(a)(1).
[28] *Zebroski v. State*, 12 A.3d 1115, 1120 (Del. 2010) (citation omitted).
[29] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[30] *Id.*
[31] "A judgment of conviction is final . . . [30 days after the Court imposes sentence] if the defendant does not file a direct appeal." Super. Ct. Crim. R. 61(i)(1).

recognized, retroactively applied, right more than one year after the right was first recognized.[32]

23. Second or subsequent motions for postconviction relief are generally barred as repetitive.[33] The court will consider a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[34] or (2) the application of a newly recognized, retroactively applied, rule of constitutional law rendering the conviction invalid.[35]

24. Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[36] Grounds for relief formerly adjudicated are also procedurally barred.[37]

*Ineffective Assistance of Counsel*

25. *Strickland v. Washington*[38] established the well-known standard for ineffective assistance of counsel ("IAC") claims. A successful IAC claim requires that the movant demonstrate that: (1) the counsel's performance was deficient; and

---

[32] *Id.*
[33] Super. Ct. Crim. R. 61(i)(2).
[34] Super. Ct. Crim. R. 61(d)(2)(i).
[35] Super. Ct. Crim. R. 61(d)(2)(ii).
[36] Super. Ct. Crim. R. 61(i)(3).
[37] Super. Ct. Crim. R. 61(i)(4).
[38] 466 U.S. 668 (1984); *Ploof v. State*, 75 A.3d 811 (Del. 2013) (applying the "well-worn" *Strickland* standards).

(2) the deficiencies prejudiced the movant by depriving him or her of a fair trial with reliable results.[39]

26.　　　To prove counsel's deficiency, a defendant must show that the representation fell below an objective standard of reasonableness.[40]　Moreover, a defendant must make and substantiate concrete allegations of prejudice; "mere allegations of ineffectiveness will not suffice."[41]　The court presumes that counsel's conduct is reasonable, and it is the defendant's burden to prove otherwise.[42]　A successful IAC claim requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[43]　A movant must satisfy the proof requirement of both prongs to succeed on an IAC claim.　Failure to do so on either prong thwarts the claim in its entirety, and the court need not address the remaining prong.[44]

---

[39] *Strickland*, 466 U.S. at 687.
[40] *Id*. at 687-88.
[41] *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).
[42] *Strickland*, 446 U.S. at 689.
[43] *Id*. at 694; *see also State v. Smith*, 2023 WL 9059509 (Del. Super. Dec. 31, 2023) ("In the context of a plea challenge, it is not sufficient for the defendant to claim simply that his counsel was deficient.　The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.").
[44] *Strickland*, 466 U.S. at 697.

## ANALYSIS

### *DeStafney's knowing, voluntary, and intelligent guilty plea bars all grounds except the Ineffective Assistance of Counsel claim.*

27. The PCR Motion is timely, and it is DeStafney's first postconviction relief motion, and thus, it is not repetitive. Accordingly, it is not barred by Rule 61(i)(1) or (2).

28. Absent cause, "a defendant who enters a knowing, intelligent, and voluntary guilty plea waives his right to challenge errors or defects preceding the entry of the plea."[45] "To establish cause, the movant must demonstrate that an external impediment prevented him from raising the issue earlier" and that he suffered actual prejudice.[46] "Absent clear and convincing evidence to the contrary," a defendant is bound by his representations during the plea colloquy.[47]

29. Here, the Court engaged in a thorough colloquy with DeStafney at the plea hearing. DeStafney signed the Truth-In-Sentencing Plea Form, confirmed he understood that he was waiving the identified Constitutional rights, and that he was facing at least 3 years at Level V. He also stated that he was not forced or threatened

---

[45] *Terrero-Ovalles v. State*, 211 A.3d 1107 (TABLE), 2019 WL 2355019, at *1-2 (Del. June 3, 2019).

[46] *Id.* at *1.

[47] *Miller v. State,* 840 A.2d 1229, 1231 (Del. 2003); *Hopkins v. State*, 309 A.3d 423 (TABLE), 2023 WL 8296427, at *2 (Del. Dec. 1, 2023); *Dawud v. State,* 226 A.3d 201 (TABLE), 2020 WL 917345, at *2 (Del. Feb. 26, 2020) ("As a result of his knowing, intelligent, and voluntary guilty plea, Dawud has waived his claims concerning the sufficiency of the evidence, the timing of the preliminary hearing and indictment, the credibility of the person who reported him to the police, the lack of a victim, the amount of bail, and his *Miranda* rights.")

into accepting the plea. Further, he admitted that he committed the offense of PFBPP.[48]

30. During the sentencing phase of the hearing, DeStafney claimed he had not seen the gun before he went to the basement with the police and "found it."[49] He then stated that he "really [didn't] want to enter this plea. No, I don't. But I don't want to – I want to go home."[50] The Court then gave DeStafney "a real clear choice," and asked whether he wanted to plead guilty or had he changed his mind. DeStafney responded: "Yes, sentence me under that plea[.]"[51]

31. DeStafney is bound by the representations he made to the Court during the plea colloquy and he has provided no grounds, let alone clear and convincing evidence, to find cause to disregard those representations.

32. DeStafney's knowing, voluntary, and intelligent guilty plea bars his challenge to the sufficiency of the evidence against him and any alleged procedural defects. Thus, the claims of judicial,[52] prosecutorial, and police misconduct are barred under Rule 61(i)(3).

---

[48] Tr. at p. 8.
[49] Id. at pp. 21, 23.
[50] Id. at pp. 23-24.
[51] Id. at p. 25. DeStafney also said: "They were going to charge my mother for that gun is what they came up out of the basement and said they were going to do. That's why I took the charge." The Court then asked DeStafney if he wished to proceed with the plea, to which he responded "Yes." Id. at pp. 25-27. To the extent that the Motion rests on the assertion that the police threatened his mother, he raised this issue at the hearing and then clearly waived it. This is another ground on which the Motion is barred.
[52] As the transcript shows, there was no testimony by the sentencing judge.

12

***DeStafney's IAC claim fails.***

33.     Because DeStafney pled guilty, he must show "that there is a reasonable probability that, but for [his] counsel's unprofessional errors," he would not have pleaded guilty but would have insisted on proceeding to trial."[53]  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[54]

34.     Counsel explained to DeStafney his right to go to trial or take a plea and what the plea entailed.[55]  Counsel also had at least two video conferences with DeStafney before the plea hearing and conferred with DeStafney on the day of his scheduled court appearance and reviewed the discovery with him.[56]  There is no evidence that DeStafney was coerced into accepting the plea.[57]

35.     DeStafney claims that counsel should have hired an expert to determine whether the firearm was operable and the year of its manufacture.  DeStafney speculates that an expert would substantiate his claim that the firearm was inoperable and that it was an antique, manufactured in 1892.

36.     DeStafney was charged with, and pled guilty to, PFBPP.  Under the statute, a person who has been convicted of a felony is "prohibited from purchasing,

---

[53] *Strickland*, 466 U.S. at 694.
[54] *Id.*
[55] D.I. 28, at 2.
[56] *Id.*
[57] Tr. at p. 24.

owning, possessing or controlling a deadly weapon.[58] A "deadly weapon" is defined to include a "firearm."[59] A "firearm" is defined to include "any weapon from which a shot, projectile or other object may be discharged by force of combustion, explosive, gas and/or mechanical means, *whether operable or inoperable*, loaded or unloaded."[60] Accordingly, even if an expert could have offered the opinions that DeStafney wants, it would not have changed the outcome. If the firearm was inoperable, as he claims, he was still facing the same charge and the sentence he received. This point was raised by his counsel at the plea hearing.

37.    Further, whether or not the firearm was antique makes no difference in the crime with which DeStafney was charged and to which he pled guilty, or to the sentence he received.

38.    Finally, DeStafney provides no basis on which counsel should have (or could have) filed any pretrial motions or a direct appeal.

39.    The Court conducted a detailed plea colloquy with DeStafney, during which he confirmed he spoke with counsel and was satisfied with the representation. DeStafney's statements to the Court during the plea colloquy are presumed truthful.[61] DeStafney has not shown that former counsel made any unprofessional

---

[58] 11 *Del. C.* § 1448(a).
[59] 11 *Del. C.* § 222(6).
[60] 11 *Del. C.* § 222(13) (emphasis added).
[61] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

14

errors, let alone errors that would have caused him to plead not guilty and proceed to a trial instead.

***Appointment of counsel is denied.***

40.    Rule 61(e)(3) governs the appointment of counsel for first postconviction relief motions in guilty plea cases.[62] When a defendant pleads guilty, the court has the discretion to appoint counsel under Rule 61(e)(3) if:

> (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or *nolo contendere*; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[63]

41.    DeStafney has not raised a substantial claim that he received ineffective assistance of counsel. Additionally, no other exceptional circumstances require this Court to exercise its discretion to appoint counsel.

***The Discovery Motion is moot.***

42.    DeStafney sought to compel the State to produce the firearm and bodycam video to challenge the merits of the charges asserted against him. Because

---

[62] Super. Ct. Crim. R. 61(e)(3).
[63] *Id.*

15

the Court found that DeStafney's claims are procedurally barred and he did not substantiate his IAC claim, the Discovery Motion is moot. Therefore, it is DENIED.

## CONCLUSION

43.     DeStafney's challenges to the evidence against him and alleged procedural defects, which occurred before his guilty plea, are barred by his knowing, voluntary, and intelligent guilty plea. He has failed to demonstrate his counsel was ineffective. There has been no showing of unprofessional errors that would have caused him to plead not guilty and instead proceed to trial. Additionally, DeStafney has not satisfied the requirements under Rule 61(e)(3) for appointment of counsel. Therefore, DeStafney's Motion for Postconviction Relief, Motion for Appointment of Counsel, and Motion for Discovery are **DENIED.**

**IT IS SO ORDERED.**

*/s/Kathleen M. Miller*
Judge Kathleen M. Miller

16